UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**LORRAINE & LEO KUBINSKI,**
**Personal Representatives of the**
**ESTATE OF RICHARD PAUL**
**KUBINSKI, on behalf of the Estate**
**and individually,**

    Plaintiffs,

v.                                      Case No. 3:21-cv-34-HES-MCR

**JOSEPH EDWARDS, in his official**
**capacity, et al.,**

    Defendants.

_____/

**DEFENDANT FLORIDA DEPARTMENT OF CORRECTIONS'**
**UNOPPOSED MOTION TO SEAL DOCUMENTS**
**UNDER LOCAL RULE 1.11(d)**

Pursuant to Local Rule 1.11(d), Defendant FLORIDA DEPARTMENT OF CORRECTIONS[1] ("FDOC") hereby moves this Court to order that Exhibits 2, 5-6, and 9-40, in support of FDOC's Motion for Summary Judgment be filed under seal.

In support of this unopposed motion, FDOC states as follows:

    **I.**    **Identification and Description of Documents to be Sealed**

    1.    <u>Motion for Summary Judgment Exhibits 2, 9-11, 14-40</u>. Motion for Summary Judgment Exhibits 2, 9-11, and 14-40 contain sensitive medical records

---

[1] This Court's March 31, 2022, Order (Doc. 78) dismissed Joseph Edwards in his official capacity and Lake Butler *[sic]* Reception and Medical Center as defendants in this lawsuit because these parties are the functional equivalent of FDOC. Therefore, Plaintiffs' allegations directed at Edwards and RMC are now read as allegations directed at Defendant FDOC.

1

regarding Richard Paul Kubinski's ("Kubinski") medical treatment and care between May 8 and November 3, 2018, during his incarceration at Reception and Medical Center ("RMC"). These records include all medical providers' notes on Kubinski's physical and mental health treatment and its progression, specific information on proposed treatments and medications, and Kubinski's responses to his medical care. These exhibits also include the Duval County Medical Examiner's autopsy report and an Incident Report concerning Plaintiffs' visit with Kubinski at RMC.

Plaintiff Leo Kubinski authorized the inspection and release of these records for litigation when he signed the FDOC "Consent and Authorization for Use and Disclosure Inspection and Release of Confidential Information" on March 24, 2022. Both Plaintiffs also "ordered and allowed" WFTV Channel 9 in Orlando to review and ddisseminate information from these medical records as part of the station's news article about Florida's state prison system.[2] Although Plaintiffs have publicly released their son's sensitive medical information, they may now object to public disclosure in judicial proceedings.

2. <u>Motion for Summary Judgment Exhibits 6 and 12.</u> Motion for Summary Judgment Exhibits 6 and 12 are Plaintiff Leo Kubinski's April 5 and May 4, 2022, depositions. His testimony in these instances include direct references to Kubinski's medical status, including numerous details about his mental health history and

---

[2] https://www.wftv.com/news/9-investigates/department-of-corrections-under-court-order-to-improve-health-care-for-inmates/1004154784/

treatment. Therefore, public disclosure of this deposition testimony may violate Local Rule 1.11(d) that governs filing under seal in a civil action, if Plaintiffs' privacy interest in their son's medical records outweighs the need for public disclosure.

      3.      <u>Motion for Summary Judgment Exhibits 5 and 13.</u> Motion for Summary Judgment Exhibits 5 and 13 contain Plaintiffs' email to the Volusia County Branch Jail Warden and their letter to FDOC complaining about their son's medical care. This correspondence contains prescription names and dosages, details regarding his weight loss, his allegedly declining health, and related medical matters. Thus, this correspondence is also replete with confidential medical information.

## II.    <u>Filing These Documents is Necessary</u>

FDOC intends to rely on and cite to these exhibits in its Motion for Summary Judgment. The Court must have access to these documents to fully consider the merits of this motion that challenges Plaintiffs' Second Amended Complaint (Doc. 47).

## III.   <u>Sealing These Documents is Necessary</u>

Defendant asks the Court to seal these documents out of an abundance of caution regarding Local Rule 1.11(d), which states that sealing is necessary to file an item that plausibly qualifies for sealing and that the filing person knows or reasonably should know another person considers confidential.

## IV.   <u>A Means Other than Sealing is Not Available or Unsatisfactory to Preserve the Interest Advanced in Support of Sealing</u>

If the Court grants this Motion, FDOC plans to file placeholders for the exhibits and discuss the content of the exhibits generally in its Motion for Summary

Judgment. In order for the Court to have access to that information and to fully understand its contextual importance, complete versions of these documents must be filed under seal with the Court. If the Court finds the other party's interest of protecting these medical records outweighs the public's right to access the records in judicial proceedings, FDOC is not aware of any means other than sealing that would satisfactorily preserve or protect the interests of Plaintiffs with respect to the confidential information contained in the exhibits. The records contain very little other than detailed and confidential medical information. Thus, redacting this information from one of these exhibits such as a medication administration log or medication refusal form would result in the redaction of virtually the entire exhibit.

## V.     Statement of Proposed Duration

If the Court grants this Motion to File Documents under Seal, the exhibits should remain sealed until the Court decides to unseal them because the records are central to the issues if they are litigated at trial. "While the Court is aware that medical records contain sensitive and personal information, that alone does not warrant depriving the public of access to filings from judicial proceedings, which are presumptively public. This is particularly true where, as here, the medical records that Plaintiff seeks to seal were central to the issues litigated at trial." *Wilson v. Costco Wholesale Corp.*, No. 17-CV-81243-DMM, 2018 WL 8200952, at *1 (S.D. Fla. Sept. 18, 2018), cited by *Nguyen v. Raymond James & Associates, Inc.*, 2022 WL 61198, *7 (M.D. Fla. 2022).

4

### VI. Compliance with Local Rule 1.11(d)

While Plaintiffs have placed Kubinski's complete physical and mental health history and medical treatment at issue by filing this lawsuit, FDOC files its motion in compliance with Rule 1.11(d) because it believes the exhibits it will rely on in its Motion for Summary Judgment may be perceived to contain medical records which it "knows or reasonably should know another person considers confidential." Local Rule 1.11(d). FDOC has complied with Local Rule 1.11(d) by filing this notice in advance of its Motion for Summary Judgment. If the Court grants this motion, the exhibits will be filed as placeholders with document titles only. Pursuant to Local Rule 3.01(g), FDOC has also conferred with the new opposing counsel on the filing of this Motion.[3] If the Court grants this motion, FDOC will file the exhibits with the Court immediately after filing its Motion for Summary Judgment. Additionally, FDOC will provide the exhibits to opposing counsel.

### VII. Name, Mailing Address, Email Address, and Telephone Number of Persons Authorized to Retrieve a Sealed Tangible Item:

Mr. Thomas Buchan, Attorney for FDOC. Howell, Buchan & Strong: 2898 Mahan Dr STE 6, Tallahassee, FL 32308, Tom@jsh-pa.com, 850-877-7776

Mr. Chigozie Nwankwo, Attorney for Plaintiffs Lorraine and Leo Kubinski,

---

[3] Although new counsel for Plaintiffs, Mr. Chigozie Nwankwo with the Lento Law Group, has yet to file a Notice of Substitution of Counsel, FDOC has communicated with him both via email and telephonically, and Mr. Nwankwo replied, "No objection," to the filing of this Motion.

Lento Law Group, PA: 333 SE 2nd Avenue, Suite 2000, Miami, FL 33131, cnwankwo@lentolawgroup.com, 786-628-1800 – Ext: 467

### VIII. Memorandum of Legal Authority Supporting the Sealing of Documents

The public has a common-law right of access to judicial proceedings, but the right to inspect documents is not absolute, and a party's interest in keeping information confidential may outweigh the public interest in accessing court documents. *See Pena v. Marcus*, No. 6:15-cv-69-ORL-18TBS, 2016 WL 10891560, at *2 (M.D. Fla. Nov. 4, 2016) ("The Court finds that Plaintiff has a right of privacy in her medical records."). The HIPAA Privacy Rule protects the individually identifiable health information of a decedent for 50 years following the date of death of the individual. This period of protection for decedent health information balances the privacy interests of surviving relatives and other individuals with a relationship to the decedent, with the need for others to access records on deceased individuals. The personal representative of the decedent has the ability to exercise certain rights under the Privacy Rule with regard to the decedent's health information, such as authorizing certain uses and disclosures of, and gaining access to, the information.

### Conclusion

For these aforementioned reasons, FDOC respectfully requests that the Motion to Seal Exhibits 2, 5-6, and 9-40 of its Motion for Summary Judgment be granted.

Respectfully submitted,

*/s/ Thomas Buchan*
Thomas Buchan, Esq.
Florida Bar No. 1010923
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Email: tom@jsh-pa.com
*Attorney for Defendant,*
*Florida Department of Corrections*

## LOCAL RULE 3.01(g) CERTIFICATION

Movant, FDOC, has conferred with the opposing party on this motion. The parties agree on the resolution of all of the motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF this 22nd day of July 2022.

*/s/ Thomas Buchan*
Thomas Buchan

7